# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA ANN CALIPO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-320 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| TOM WOLF, et al., | ) | **Magistrate Judge Richard A. Lanzillo** |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently pending is Plaintiff's "Motion for Stay of Fines, Costs, Fees and Restitution." ECF No. 28. In her motion, Plaintiff states that she is "unable to pay any fines, costs, or restitution for this sentence previously imposed by the court" and requests that the Court issue an order that no money be deducted from her account. Id. Plaintiff appears to be referring to an underlying criminal conviction, perhaps in state court, although this is not articulated in her motion. In any event, to the extent that she is seeking habeas-style relief, such as relief from the terms of a criminal conviction, a Section 1983 action is an inappropriate vehicle for that request. See, e.g., Bronowicz v. Allegheny County, 804 F.3d 338, 345 (3d Cir. 2015) ("[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.") (citation omitted); see also Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody."). Simply put, the Court has no

1

authority to alter the terms of Plaintiff's conviction in an unrelated matter by way of a Section 1983 action. Plaintiff's motion is DENIED.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: March 4, 2019