IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIA ANN CALIPO, ) | Case No. 1:18-cv-320 Erie |
| ) | |
| Plaintiff ) | |
| ) | RICHARD A. LANZILLO |
| v. ) | UNITED STATES MAGISTRATE JUDGE |
| ) | |
| TOM WOLF, et al., ) | |
| ) | MEMORANDUM OPINION AND |
| Defendants ) | ORDER |
| ) | |

Plaintiff Julia Ann Calipo initiated this civil rights action on October 19, 2018 by filing a motion for leave to proceed in forma pauperis. ECF No. 1. The Court granted Plaintiff's motion and ordered the United States Marshal to serve her complaint. ECF No. 6. Plaintiff's 64-page complaint asserted a host of constitutional and statutory claims against fourteen individual Defendants. ECF No. 7.

On November 15, 2019, the undersigned issued a Report and Recommendation that several Defendants and numerous claims be dismissed from this action for failure to state a claim. ECF No. 43. United States District Judge Susan Paradise Baxter adopted the Report and Recommendation on December 17, 2019.[1] ECF No. 44. Plaintiff's remaining claims were permitted to proceed to discovery.

On June 15, 2020, the Court attempted to conduct a post-discovery status conference. Plaintiff, however, failed to attend the conference and did not respond to telephone calls to her telephone number of record. *See* ECF Entry June 15, 2020 (staff note). The Court rescheduled

---

[1] The parties have since consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

the conference for July 22, 2020, and Plaintiff attended by telephone. ECF No. 54. Following the conference, the Court issued an Amended Case Management Order directing Plaintiff to file her Pretrial Statement by August 14, 2020. ECF No. 56. Plaintiff failed to comply.

On October 29, 2020, Defendants filed a Motion for Summary Judgment [ECF No. 61] accompanied by a Brief in Support [ECF No. 62], Concise Statement of Material Facts [ECF No. 63], and an Appendix [ECF No. 64]. The Court issued an Order directing Plaintiff to respond to Defendants' Motion by November 30, 2020. ECF No. 65. Plaintiff failed to respond.

On November 9, 2020, Defendants filed a Supplement to their Motion for Summary Judgment. ECF No. 66. Plaintiff again failed to file any response.

Finally, on May 14, 2021, the Court issued an order directing Plaintiff to show cause for her failure to comply with the Court's prior orders directing her to file a pretrial statement and respond to the pending summary judgment motion. ECF No. 67. The Court explicitly cautioned Plaintiff that failure to respond to the Court's order would result in a recommendation that this action be dismissed for failure to prosecute. *Id.* Once more, Plaintiff failed to respond. To date, the last action that Plaintiff has taken in support of her lawsuit occurred almost one year ago.

The Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether a case or claim should be dismissed for failure to prosecute. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id.* at 868. There is no "magic formula" or

"mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868).

As recently emphasized by the Court of Appeals, "dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." *Hildebrand*, 923 F.3d at 132 (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and *Poulis*, 747 F.2d at 867, 869). Close calls should "be resolved in favor of reaching a decision on the merits." *Id.* (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, the Court of Appeals "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." *Id.* (citing *Poulis*, 747 F.2d at 867 n. 1).

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Since the close of discovery, Plaintiff has taken none of the steps necessary to prosecute her claims and defend those claims against Defendants' motion for summary judgment; she has ignored multiple orders of this Court in these regards. Because Plaintiff is proceeding pro se, she is solely responsible for her own conduct, including her failure to respond to orders from the Court. *See, e.g., Colon*

*v. Karnes*, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). In addition to forcing Defendants to sustain the time and expense of filing a summary judgment motion in response to a host of claims that Plaintiff has apparently abandoned, her "continued failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing Defendants from receiving a timely adjudication of their motion. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). This factor also supports dismissal.

The third *Poulis* factor weighs strongly in favor of dismissal. At this point, Plaintiff has failed to engage with the Court or take any steps to pursue her claims for over ten months. Despite being warned that failure to comply with orders from the Court would result in a recommendation that this matter be dismissed for failure to prosecute, Plaintiff has failed to respond to several of the Court's orders. This conduct is enough to establish a history of dilatoriness. *See Mack*, 2019 WL 1302626, at *2 ("Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules.").

4

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. There is nothing on the docket to suggest that Plaintiff is not receiving the Court's orders, nor has she offered any explanation for her repeated failures to respond. Under such circumstances, the Court must conclude that those failures are intentional, tilting this factor in favor of dismissal.

The fifth factor address the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective where the Plaintiff is indigent. *See, e.g., Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Moreover, alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. *Mack*, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. In this instance, the Court notes that, although several of Plaintiff's claims survived Defendants' motion to dismiss, she has not offered any challenge to Defendant's well-supported motion for summary judgment. This factor tilts in favor of dismissal, albeit only slightly.

On balance, the Court concludes that each of the six *Poulis* factors support dismissal. While the Court is mindful of this Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in her own

lawsuit. Consequently, the Court concludes that the extreme sanction of dismissal is supported by the *Poulis* factors and the record at hand.

For the foregoing reasons, this action is dismissed. The Clerk is directed to mark this case CLOSED.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: June 1, 2021